# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| VIESTE, LLC, *et al.*,<br><br>                      Plaintiffs,<br><br>vs.<br><br>HILL REDWOOD<br>DEVELOPMENT, LTD., *et al.*,<br><br>                      Defendants. | Case No. 2:11-cv-00224-LDG-GWF<br><br>**ORDER**<br><br>Cross-Motion for Costs and Fees (#11) |

This matter is before the Court on Plaintiffs Vieste, LLC and Vieste Development, LLC's Cross-Motion for Costs and Expenses (#11), filed February 18, 2011; Defendant Hill International, Inc.'s Opposition to Plaintiffs' Cross-Motion for Costs and Expenses (#10), filed March 1, 2011; and Plaintiffs' Reply to Defendants' Opposition To Its Cross-Motion for Costs and Expenses (#13), filed March 18, 2011.

## DISCUSSION

Under Federal Rule of Civil Procedure 26 and 37(a)(5), if a motion for a protective order is denied, the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, to pay the responding party's reasonable costs and expenses incurred in making the motion. The court may not require payment, however, if the motion for a protective order was substantially justified or other circumstances make an award of expenses unjust. In *Reygo Pacific Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir.1982) (overruled on other grounds), the Ninth Circuit defined "substantially justified" to mean whether reasonable people could differ as to the merits of the discovery motion. *See also Bilyeu v. City of Portland*, 2008 WL 4912048 (D.Or. 2008) *4.

. . .

In the present motion, Plaintiffs request that the Court award them costs and expenses related to Defendants' filing of a motion to quash subpoena (#1) and motion for protective order (#5), which the Court denied on February 22, 2011. (*See Minutes*, #9). Plaintiffs argue that the motion to quash was time barred, that Defendants did not have standing to file the motions and that the two motions were unjustified. (#11 at 16-17). Defendants respond that the Court should deny the request for costs and expenses because the filing of a motion to quash and motion for protective order were justified measures taken to protect materials that Defendants believed to be privileged or otherwise protected. (#10). Defendants admit that the motion to quash was filed in an untimely manner, but argue that the delay was justified as the subpoenaed materials were located in a remote part of Hawaii. (#10 at 2-4).

At the February 22 hearing, the Court denied Defendants' motion to quash (#1) and motion for protective order (#5). The Court indicated, however, that it was not inclined to award costs and expenses, but would allow the parties to further brief the issue. Upon review and consideration of the subsequent filings, the Court finds that Defendants' motions to quash and motion for protective order were substantially justified. While the Court denied both motions at the February 22 hearing, it did not find that the motions were unjustified. Specifically, the Court ruled that the motion to quash (#1) was untimely. In doing so, the Court recognized that the court has discretion to waive the timeliness issue were justice so demands, but declined to do so in this instance. In addition, the Court denied Defendants' motion for protective order because it was not persuaded by the argument that the materials at issue constituted proprietary information and therefore the materials were discoverable. Although these arguments were ultimately unsuccessful, the Court finds that reasonable people could differ as to their merits. *See Reygo Pacific Corp.*, 680 F.2d at 649.

In their reply, Plaintiffs also argue that Defendants have a history of filing unjustified discovery motions. (*See* #13). In support of this position, Plaintiffs attach orders issued by other district courts where Defendants were sanctioned for filing unjustified motions. (#13-1, 13-2, 13-3). While the Court notes that other courts have sanctioned Defendants for failing to meaningfully participate in the discovery process, there is insufficient evidence to show that Defendants have engaged in such tactics in the present action. Therefore, because Defendants' motions were substantially justified, the Court finds that an award of costs and expenses under Fed.R.Civ.P. 26 and 37 is not merited. Accordingly,

1   **IT IS HEREBY ORDERED** that Plaintiffs Vieste, LLC and Vieste Development, LLC's Cross-Motion for Costs and Expenses (#11) is **denied**.

DATED this 31st day of May, 2011.

_____
**GEORGE FOLEY, JR.**
**United States Magistrate Judge**